**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:24-cr-00012 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| ADONIS O'NEAL, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF (Doc. 40)**

---

This matter is before the Court on Defendant's Motion for 18 U.S.C. § 922(g)(1) Relief (Doc. 40). The Government did not respond to the Motion, and the time to do so has passed. Thus, this matter is ripe for the Court's review.

Defendant Adonis O'Neal pled guilty to Count 1 of the Indictment, Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g). (*See* 12/03/2024 Minute Entry.) He was sentenced to term of imprisonment of 37 months, with credit for time served, followed by three years of supervised release. (Judgment, Doc. 35.) As part of his sentence, he was subject to forfeiture of the firearm underlying the offense. (*Id.*)

Now, Defendant moves for relief from his conviction under § 922(g)(1). (Motion, Doc. 40.) In his Motion, Defendant states that the Seventh Circuit recently concluded that § 922(g)(1) is "invalid on its face in every application under the Second Amendment." (*Id.* (citing *United States v. Glen Prince*, 171 F.4th 1009 (7th Cir. 2026)).) In light of this decision,

Defendant asks whether this Court "has adopted the Seventh Circuit's position concerning the invalidation of 18 U.S.C. § 922(g)(1)." (*Id.*) If so, Defendant requests "appointment of counsel to aid him in his filings to the Court for relief." (*Id.*)

To answer Defendant's question, this Court sits in the Sixth Circuit, not the Seventh Circuit. Accordingly, the Court is not bound by decisions issued by the Seventh Circuit; rather, it must follow Sixth Circuit precedent. To that end, the Court notes that the Sixth Circuit has recently reiterated the validity of § 922(g). *United States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2022). The court in *Williams* found that the statute remains valid on its face under the Second Amendment. *Id.* Thus, this Court, bound by the *Williams* decision, finds that Defendant is not entitled to relief on this basis.

The Court, therefore, **DENIES** Defendant's Motion for Relief (Doc. 40).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

2